**2013-1564**

# United States Court of Appeals
# for the Federal Circuit

SCA HYGIENE PRODUCTS AKTIEBOLAG
and SCA PERSONAL CARE, INC.,

*Plaintiffs-Appellants,*

*v.*

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY HYGIENIC, INC.,
FIRST QUALITY PRODUCTS, INC., and
FIRST QUALITY RETAIL SERVICES, LLC,

*Defendants-Appellees.*

*Appeal from the United States District Court for the Western District of
Kentucky in Case No. 10-CV-0122, Chief Judge Joseph H. McKinley, Jr.*

**RESPONSE OF DEFENDANTS-APPELLEES TO COMBINED
PETITION FOR REHEARING AND REHEARING *EN BANC***

Kenneth P. George
Charles R. Macedo
Mark Berkowitz
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

*Attorneys for Defendants-Appellees*

November 4, 2014

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendants-Appellees, First Quality Baby Products, LLC, First Quality Hygienic, Inc., First Quality Products, Inc., and First Quality Retail Services, LLC (collectively, "First Quality"), certifies the following:

1.    The full name of every party or amicus curiae represented by us is:

First Quality Baby Products, LLC, First Quality Hygienic, Inc., First Quality Products, Inc., and First Quality Retail Services, LLC.

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

None.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by us are:

None.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by us in the trial court or agency or are expected to appear in this Court are:

In the Western District of Kentucky, First Quality Baby Products, LLC et al. were represented by Kenneth P. George, Ira E. Silfin, Charles R. Macedo, Michael J. Kasdan, Richard S. Mandaro, Jessica Capasso, and Addie A. Bendory of Amster, Rothstein & Ebenstein LLP and Thomas P. O'Brien III and Cory J. Skolnick of Frost Brown Todd LLC.

On appeal before this Court, First Quality Baby Products, LLC et al. are represented by Kenneth P. George, Charles R. Macedo, and Mark Berkowitz of Amster, Rothstein & Ebenstein LLP.

Dated: November 4, 2014

Respectfully submitted,
AMSTER, ROTHSTEIN & EBENSTEIN
LLP

By: */s/ Kenneth P. George*
Kenneth P. George
Charles R. Macedo
Mark Berkowitz
AMSTER, ROTHSTEIN & EBENSTEIN
LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

kgeorge@arelaw.com
cmacedo@arelaw.com
mberkowitz@arelaw.com

*Attorneys for Defendants-Appellees*
*First Quality Baby Products, LLC,*
*First Quality Hygienic, Inc.,*
*First Quality Products, Inc., and*
*First Quality Retail Services, LLC*

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................. 1

II.  ARGUMENT ................................................................................... 2

    A.      Section 286 Is Not A Statute Of Limitations ...................................... 3

    B.      Laches Is Available Under Section 282 ............................................... 7

    C.      SCA Waived Its Argument ................................................................. 9

III. THIS CASE DOES NOT PRESENT THE OCCASION TO REVIEW THE
PRESUMPTION OF LACHES ............................................................. 11

IV. SCA IMPROPERLY SEEKS TO IMPORT A "RELIANCE" ELEMENT
INTO LACHES ................................................................................... 13

V.  CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) (en banc) ...................................................passim

*A. Stucki Co. v. Buckeye Steel Castings Co.*,
  963 F.2d 360 (Fed. Cir. 1992) ...........................................................................5

*Bradford Co. v. Jefferson Smurfit Corp.*,
  No. 00-1511, 00-1546, 2001 U.S. App. LEXIS 25205 (Fed. Cir. Oct. 30,
  2001) ...............................................................................................................3, 4, 7

*Cnty. of Oneida v. Oneida Indian Nation*,
  470 U.S. 226 (1985)...........................................................................................9

*Gasser Chair Co. v. Infanti Chair Mfg. Corp.*,
  60 F.3d 770 (Fed. Cir. 1995) .............................................................................14

*Hemstreet v. Computer Entry Sys. Corp.*,
  972 F.2d 1290 (Fed. Cir. 1992) .........................................................................14

*Hottel Corp. v. Seaman, Corp.*,
  833 F.2d 1570 (Fed. Cir. 1987) .........................................................................9

*Ivani Contracting Corp. v. City of New York*,
  103 F.3d 257 (2d Cir. 1997) ..............................................................................9

*J.P. Stevens & Co. v. Lex Tex, Ltd.*,
  747 F.2d 1553 (Fed. Cir. 1984) .........................................................................8

*Jacobsen v. Deseret Book Co.*,
  287 F.3d 936 (10th Cir. 2002) ...........................................................................9

*James v. FERC*,
  755 F.2d 154 (Fed. Cir. 1985) ...........................................................................11

*Lane & Bodley Co. v. Locke*,
  150 U.S. 193 (1893)...........................................................................................8

*Leinoff v. Louis Milona & Sons, Inc.*,
  726 F.2d 734 (Fed. Cir. 1984) ..................................................................1, 5, 9

*Leggett v. Standard Oil Co.*,
  149 U.S. 287 (1893)................................................................................8

*Meyers v. Asics Corp.*,
  974 F.2d 1304 (Fed. Cir. 1992) ..............................................................13, 14

*Naxon Telesign Corp. v. Bunker Ramo Corp.*,
  686 F.2d 1258 (7th Cir. 1982) ................................................................5

*Nilsen v. Moss Point*,
  674 F.2d 379 (5th Cir. 1982) ..................................................................10

*Pall Corp. v. Micron Separations, Inc.*,
  66 F.3d 1211 (Fed. Cir. 1995), *cert. denied*, 520 U.S. 1115 (1995) .................12

*Pandrol USA, LP v. Airboss Ry. Prods.*,
  320 F.3d 1354 (Fed. Cir. 2003) ..............................................................11

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  134 S. Ct. 1962 (2014)..................................................................passim

*Rolls Royce PLC v. United Techs. Corp.*,
  No. 1:10cv457, 2011 U.S. Dist. LEXIS 48984 (E.D. Va. May 4, 2011) ............7

*Rumsfeld v. Freedom NY, Inc.*,
  346 F.3d 1359 (Fed. Cir. 2003) ..............................................................11

*Standard Oil, Co. v. Nippon Shokubai Kagaku Kogyo Co.*,
  754 F.2d 345 (Fed. Cir. 1985) ..............................................................3, 4, 5, 9

*Stockbridge-Munsee Cmty. v. New York*,
  756 F.3d 163 (2d Cir. 2014) ..................................................................6

*Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*,
  616 F.2d 1315 (5th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980) ...................5

*Symbol Techs., Inc. v. Lemelson Med.*,
  277 F.3d 1361 (Fed. Cir. 2002), *cert. denied*, 537 U.S. 825 (2002) ...............8, 9

*Tandy Corp. v. Malone & Hyde, Inc.*,
  769 F.2d 362 (6th Cir. 1985) .............................................................................13

*United States v. Mack*,
  295 U.S. 480 (1935)...........................................................................................2, 9

*Watkins v. NW. Ohio Tractor Pullers Assoc. Inc.*,
  630 F.2d 1155 (6th Cir. 1980) ..............................................................................5

## STATUTES

17 U.S.C. § 507(b) .................................................................................................4, 6

35 U.S.C. § 282....................................................................................................7, 8

35 U.S.C. § 286...........................................................................................passim

## RULES

Fed. R. Civ. P. 8(c)..................................................................................................7

## OTHER AUTHORITIES

H.R. Rep. No. 1923, 82d Cong., 2d Sess., 10 (1952) ................................................8

## I.    INTRODUCTION

SCA asserts that *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc) should be overruled and that the defense of laches should be eliminated from patent law in view of *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).

SCA's arguments hinge on the premise that the Patent Act contains a "statute of limitations" and, therefore, *Petrella* overrules *Aukerman*.  SCA is wrong.  Unlike the Copyright Act, the Patent Act does not contain a "statute of limitations."  Section 286—SCA's alleged statute of limitations—"only restricts the extent one can recover pre-filing damages."  *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed. Cir. 1984) (emphasis omitted).

Where no statute of limitations has been enacted (e.g., patent law), the Supreme Court recognizes the "gap-filling" role of laches.  *Petrella*, 134 S. Ct. at 1974.  This is precisely how the laches defense has been applied in patent law for well over a hundred years.  *See Leinoff*, 726 F.2d at 741 ("Since there is no statute from which to determine the timeliness of an infringement action, vis-a-vis the patentee's first knowledge of infringement, courts use the equitable doctrine of laches.").  As such, *Petrella* actually supports *Aukerman*.

Moreover, SCA has waived its arguments.  *Petrella* merely applied the well-established rule that laches may not bar a legal claim brought within the time

1

allowed by a federal statute of limitations. *Petrella*, 134 S. Ct. at 1974; *see also United States v. Mack*, 295 U.S. 480, 489 (1935) ("Laches within the term of the statute of limitations is no defense at law."). If SCA believed that this old principle undermined *Aukerman*, it should have previously raised the alleged inapplicability of laches at the district court level. It did not. To the contrary, SCA argued that *Aukerman* was controlling law. (SCA's Reply Br., ECF No. 33 at 4).

Alternatively, SCA asserts that this Court should abolish the *Aukerman* presumptions of delay and prejudice. But SCA previously admitted in this case that "whether the presumption applies or not was irrelevant." (ECF No. 33 at 3). Further, the District Court held that even "***without the benefit of the presumption***," summary judgment of laches was proper. (A0010 n.1) (emphasis added).

SCA's final ground for rehearing is nothing more than an attempt to import the reliance element of estoppel into laches. Under the law, First Quality was required to establish that it suffered prejudice *as a result of* SCA's delay—not *in reliance* on the delay. First Quality's evidence on this point was undisputed, and a finding of prejudice appropriately followed. (Opinion at 13).

## II.    ARGUMENT

Contrary to SCA's dramatic assertion that there is a "fundamental clash between *Petrella* and *Aukerman*," (Pet. at 7), *Petrella* is consistent with and

2

supports *Aukerman.*  *Petrella* acknowledged the "gap-filling" role of laches where there is no Federal statute of limitations.  *Aukerman* reconfirmed the availability of laches as a defense to patent infringement in the absence of a statute of limitations.

### A.    Section 286 Is Not A Statute Of Limitations

SCA's position is merely a rehash of the arguments advanced by the plaintiff in *Aukerman* and rejected by this Court for multiple reasons, including the fact that the Patent Act does not contain a statute of limitations.[1]  *Aukerman*, 960 F.2d at 1030.

This Court has defined a "statute of limitations" as:

> A statute prescribing limitations to the right of action on certain described causes of action; that is, declaring that *no suit shall be maintained* on such causes of action unless brought within a specified period after the right accrued.

*Standard Oil, Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 347 (Fed. Cir. 1985) (emphasis in original) (quoting Black's law dictionary (4th Ed. 1968)).  "Reading § 286 in light of this definition shows that this statute is not a statute of limitations barring suit in the usual meaning of the term.  It does not say that 'no suit shall be maintained.'" *Standard Oil, Co.*, 754 F.2d at 347; *see also Bradford*

---

[1] To the extent that *Aukerman* incorrectly reasoned that laches could be applied in the face of a prescribed statute of limitations, *Aukerman*, 960 F.2d at 1030, this error is irrelevant given this Court's conclusion that 35 U.S.C. § 286 is not a statute of limitations.

*Co. v. Jefferson Smurfit Corp.*, Nos. 00-1511, 00-1546, 2001 U.S. App. LEXIS 25205, at *25 (Fed. Cir. Oct. 30, 2001) (concluding that "section 286 is not a statute of limitations") (non-precedential).

Specifically, Section 286 provides that: "Except as otherwise provided by law, ***no recovery shall be had*** for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286 (emphasis added).  On its face, Section 286 "merely limits the time frame for which damages can be incurred."  *Bradford Co.*, 2001 U.S. App. LEXIS 25205, at *27; *Standard Oil Co.*, 754 F.2d at 348 ("In the application of § 286, one starts from the filing of a complaint or counterclaim and counts backward to determine the date before which infringing acts cannot give rise to a right to recover damages.") (emphasis omitted).

By contrast, 17 U.S.C. § 507(b), the subject of *Petrella*, is a typical "statute of limitations;" it sets a specific time period in which copyright claims must be brought.  *See* 17 U.S.C. § 507(b) ("***No civil action*** shall be maintained under the [Act] unless it is commenced within three years after the claim accrued.") (emphasis added).

SCA's position—that Section 286 is akin to a statute of limitations—was squarely rejected by this Court in *Standard Oil*:

> Waiting for more than six years after [the defendant's allegedly infringing] use commenced did not create a bar

4

under § 286 to the *bringing of a suit* for infringement or *maintaining* the suit. Assuming a finding of liability, the only effect § 286 has is to prevent any "recovery . . . for any infringement committed more than six years prior to the filing of the complaint . . . ."

*Standard Oil Co.*, 754 F.2d at 347 (emphasis in original).

Prior to the creation of this Court, the Circuit Courts repeatedly and uniformly reached the same conclusion. *See Watkins v. NW. Ohio Tractor Pullers Assoc. Inc.*, 630 F.2d 1155, 1159 (6th Cir. 1980) ("[N]o statute of limitations covers a suit for enforcement of a patent."); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980); *Naxon Telesign Corp. v. Bunker Ramo Corp.*, 686 F.2d 1258, 1262 (7th Cir. 1982).

Given that nothing in the Patent Act bars an infringement **claim**, *Petrella* confirms (rather than undermines) the availability of laches in the patent context. This is because the Supreme Court has endorsed the "gap-filling" role of laches, *Petrella*, 134 S. Ct. at 1974, which is precisely how laches has been applied in patent law. *See Leinoff*, 726 F.2d at 741 ("Since there is no statute from which to determine the timeliness of an infringement action, vis-a-vis the patentee's first knowledge of infringement, courts use the equitable doctrine of laches."); *see also A. Stucki Co. v. Buckeye Steel Castings Co.*, 963 F.2d 360, 363 (Fed. Cir. 1992) ("§ 286 operates independently of the equitable defenses of laches and estoppel.").

5

To illustrate, under 17 U.S.C. § 507(b), a copyright claim generally "accrues" when a plaintiff "***discovers, or with due diligence should have discovered*** the injury that forms the basis for the claims." *Petrella*, 134 S. Ct. at 1969 n.4. The Patent Act contains no analogous statute. Laches fills this gap. *See Aukerman*, 960 F.2d at 1032 ("The period of delay is measured from the time the plaintiff ***knew or reasonably should have known*** of the defendant's alleged infringing activities to the date of suit.") (emphasis added).

At one time, the Federal patent statutes included a true statute of limitations, which provided that "***all actions for the infringement of patents shall be brought*** during the term for which the letters patent shall be granted or extended, or within six years after the expiration thereof." *Aukerman*, 960 F.2d at 1030 n.8 (quoting Patent Act of 1870, ch. 230, § 55, 16 Stat. 198, 206) (emphasis added). But this statute of limitations was replaced with the current limitation on damages. The only inference to be drawn is that the drafters of Section 286 (and its predecessors) did not intend to impose a time bar on patent infringement actions.

Because Congress has chosen not to impose a time period within which a patent suit must be brought, *Petrella* does not and cannot overrule *Aukerman*. *See Stockbridge-Munsee Cmty. v. New York*, 756 F.3d 163, 166 (2d Cir. 2014) (holding that *Petrella* is irrelevant to Indian land claims because "Congress has not fixed a statute of limitations for" such actions).

6

Following SCA's logic, section 286 would be transformed into an affirmative defense under Fed. R. Civ. P. 8(c) and 35 U.S.C. § 282, i.e., a defense that must be pled.  This is contrary to Federal Circuit precedent.  *See Bradford*, 2001 U.S. App. LEXIS 25205, at *27 ("Because our precedent illustrates that a limitation on damages is not a statutory defense that must be pleaded, we conclude that 35 U.S.C. § 286 is not an affirmative defense for purposes of either Fed. R. Civ. P. 8(c) or 35 U.S.C. § 282."); *see also Rolls Royce PLC v. United Techs. Corp.*, No. 1:10-cv-0457, 2011 U.S. Dist. LEXIS 48984, at *9 (E.D. Va. May 4, 2011) (plaintiff's argument that Section 286 is a statutory defense that the defendant was required to affirmatively plead "ignores more than two decades of Federal Circuit precedent" because "Section 286 . . . is . . . not a statute of limitations").

### B.    Laches Is Available Under Section 282

*Petrella* recognized that laches had been applied in the patent context "[b]ased in part on [35 U.S.C.] § 282 and commentary thereon, legislative history, and historical practice."  *See Petrella*, 134 S. Ct. at 1974 n.15.

Section 282 identifies certain "defenses in any action involving the validity or infringement of a patent," including "[n]oninfringement, absence of liability for infringement or unenforceability."  35 U.S.C. § 282.  According to SCA, because "[t]he doctrine of laches is not a listed defense [in Section 282], by *expressio unius*

7

*est exclusio alterius*, [laches] cannot be read into the statute." (Pet. at 12 n.4) (emphasis in original). SCA is wrong. Following SCA's logic any defense not specifically enumerated in 35 U.S.C. § 282—laches, estoppel, misuse, inequitable conduct, exhaustion—would be unavailable.

Congress never intended for Section 282 to provide an exhaustive list of defenses. Rather, in Section 282, "defenses to a suit for infringement are stated ***in general terms***." H.R. Rep. No. 82-1923, at 10 (1952) (emphasis added). Panels of this Court, ***both before and after*** *Aukerman*, have reviewed Section 282 and its legislative history, and consistently concluded that Section 282 includes "equitable defenses such as laches, estoppel and unclean hands." *See J.P. Stevens & Co. v. Lex Tex, Ltd.*, 747 F.2d 1553, 1561 (Fed. Cir. 1984); *Symbol Techs., Inc. v. Lemelson Med.*, 277 F.3d 1361, 1366 (Fed. Cir. 2002) ("It is apparent from [the legislative history and commentary] that the drafters thought the defense of laches would be available."), *cert. denied*, 537 U.S. 825 (2002).

At the time *Aukerman* issued, laches had been a recognized defense in patent law for nearly one hundred years. *See, e.g., Leggett v. Standard Oil Co.*, 149 U.S. 287, 294 (1893) (applying laches to bar suit where Plaintiff delayed fifteen years in bringing suit); *Lane & Bodley Co. v. Locke*, 150 U.S. 193, 201 (1893) (plaintiff's twelve year delay in filing suit barred claim); *Whitman v. Walt Disney Prod., Inc.*,

8

263 F.2d 229, 232 (9th Cir. 1958); *Jensen v. Western Irrigation & Mfg., Inc.*, 650 F.2d 165, 168 (9th Cir. 1980); *Studiengesellschaft Kohle mbH*, 616 F.2d at 1326.

Well before *Aukerman*, this Court followed precedent applying the doctrine of laches to bar claims where there has been unreasonable and inexcusable delay by a patentee. *See Hottel Corp. v. Seaman, Corp.*, 833 F.2d 1570, 1572-73 (Fed. Cir. 1987); *Leinoff*, 726 F.2d at 742.

SCA has not even attempted to explain why this Court should overrule the *Standard Oil*, *Symbol*, or any of the other cases discussed above, which would be necessary for this Court to adopt SCA's position.

## C.    SCA Waived Its Argument

The principle relied upon in *Petrella*—that the equitable defense of laches cannot be used to defeat a legal claim filed within a federal statute of limitations period—has been well-settled for over a half-century. *See, e.g.*, *United States*, 295 U.S. at 489 ("Laches within the term of the statute of limitations is no defense at law."); *Cnty. of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 244 n.16 (1985) (noting that the "application of the equitable defense of laches in an action at law would be novel indeed"); *Jacobsen* v. *Deseret Book Co.*, 287 F.3d 936, 951 (10th Cir. 2002) ("when a limitation on the period for bringing suit has been set by statute, laches will generally not be invoked to shorten the statutory period"); *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 260 (2d Cir. 1997) ("The

9

prevailing rule . . . is that when a plaintiff brings a federal statutory claim seeking legal relief, laches cannot bar that claim, at least where the statute contains an express limitations period within which the action is timely."); *Nilsen v. Moss Point*, 674 F.2d 379, 388 (5th Cir. 1982) ("[A]lthough the equitable part of a mixed [42 U.S.C. § 1983] claim can be barred by laches, the legal part will be barred only by the statute of limitations.").

*Petrella* itself makes clear that it was merely following settled law: "***we adhere to the position*** that, in the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief . . . ."  *Petrella*, 134 S. Ct. at 13 (emphasis added).  SCA concedes as much: "the Supreme Court has ***never*** 'approved the application of laches to bar a claim for damages brought within the time allowed by a federal statute of limitations.'" (Pet. at 6) (emphasis added).

To the extent that SCA believed that the Patent Act includes a "statute of limitations" that is somehow incompatible with the defense of laches, SCA could have raised that issue below.  SCA never cited this rule, let alone suggested that *Aukerman* should be overruled, until long after this appeal was fully briefed and argued.  While SCA urged this Court to overrule other decisions of this Court, (ECF No. 22 at 49 n.2), SCA steadfastly endorsed *Aukerman*, emphasizing that:

"**The question [on appeal] is not overruling *Aukerman*, but applying the principles of *Aukerman* . . . .**"  (SCA's Reply Br., ECF No. 33 at 4 (emphasis

added); *see also* SCA's Opening Br., ECF No. 22 at 22 (explaining that *Aukerman* "reformulated the law [of laches], setting out ***a clear test and a two-element approach***: undue delay and prejudice." (emphasis added)).

A petition for rehearing is not the proper place to raise new arguments and theories, let alone those that were expressly waived. *See, e.g.*, *Rumsfeld v. Freedom NY, Inc.*, 346 F.3d 1359, 1361 (Fed. Cir. 2003) (denying petition for rehearing raising new arguments because "[a]n issue not raised by an appellant in its opening brief . . . is waived.") (quoting *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354 (Fed. Cir. 2003)); *James v. FERC*, 755 F.2d 154, 155-56 (Fed. Cir. 1985) ("A party will, of course, not generally be heard on any issues raised for the first time on appeal.").

## III.    THIS CASE DOES NOT PRESENT THE OCCASION TO REVIEW THE PRESUMPTION OF LACHES

As a fallback position, SCA asserts that, "[i]f *Aukerman* survives, then the Court should abolish the presumptions of delay and prejudice because they are inconsistent with *Petrella*."  (Pet. at 12).  However, SCA expressly waived its opportunity to challenge the presumption of laches.  On appeal, SCA represented to this Court "that whether the presumption applies or not was irrelevant" to First Quality's motion.  (ECF No. 33 at 3).

Even if the "presumption" of laches suddenly vanished, the result of this case would be exactly the same.  The District Court found that, "[u]nder the facts

of this case," SCA's decision to wait three additional years after completion of the reexamination of the patent-in-suit, "alone would support a finding of unreasonable delay *without the benefit of the presumption*."  (A0010) (emphasis added).  Nor was there any dispute that First Quality was prejudiced as a result of SCA's delay.[2]  (*See* A0011).

Notwithstanding the above, SCA's arguments are meritless.  *Petrella* did not extend the separate accrual rule outside of copyright law.  The Supreme Court was careful to explain that "[s]eparately accruing harm [e.g., copyright infringement] should not be confused with harm from past violations that are continuing [e.g., patent infringement]." *Petrella*, 572 U.S. at 5 n.6; *see also Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211 (Fed. Cir. 1995), *cert. denied*, 520 U.S. 1115 (1995) (characterizing patent infringement as a continuing tort).

SCA asserts that the presumption of laches should be rejected because it "makes no distinction between acts of infringement occurring the day before suit and those occurring six years and day before suit."  (Pet. at 13).  SCA fails to understand the critical role of the presumptions—to lend objectivity to an otherwise discretionary defense:

---

[2] SCA only "argue[d] that a genuine factual dispute exists regarding a lack of nexus between the delay and the expenditures at issue."  (*See* A0011).  The Panel agreed with the District Court that SCA's nexus argument was irrelevant, as a matter of law.

> Several reasons underlie the use of the statutory period as the laches period.  It enhances the stability and clarity of the law by applying neutral rules and principles in an evenhanded fashion rather than making the question purely discretionary.  It also requires courts to make clear distinctions between threshold or special defenses or pleas in bar and merits of the case.  It enhances the rationality and objectivity of the process by preventing courts from short circuiting difficult issues on the merits by confusing or conflicting the merits of an action with other defenses.

*Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985).

In sum, SCA fails to articulate any basis for revisiting, let alone abolishing, the presumption of laches applied in patent actions; nor is this case the proper vehicle for such review.

## IV.    SCA Improperly Seeks To Import A "Reliance" Element Into Laches

The crux of SCA's final argument is that First Quality was required to show *reliance* upon SCA's delay in order to prove the prejudice element of laches.  SCA plainly confuses the nexus requirement of laches (that prejudice result from the delay) with the reliance element of estoppel (requiring prejudice that is due to reliance upon the patentee's conduct).

In rejecting SCA's position, the Panel correctly explained that "[t]his nexus requirement does not, however, require reliance on the patentee's delay."  (Opinion at 13 (citing *Meyers v. Asics Corp.*, 974 F.2d 1304, 1308 n.1 (Fed. Cir. 1992)).  Rather, "there is a difference between prejudice that *results from* delay and

13

prejudice that is due to *reliance upon* delay." (*Id.*) (emphasis in original). Here, the ***only record evidence*** established that First Quality made significant capital expenditures during SCA's delay and those investments would have been made differently had SCA filed suit earlier. (*Id.*). On the other hand, SCA offered only a speculative theory that First Quality would not have done anything differently, had SCA brought suit earlier. (*Id.* at 13-14). Under the law, summary judgment was appropriate. *Aukerman*, 960 F.2d at 1033 (economic prejudice *results from* a patentee's delay if the financial losses at issue "likely would have been prevented by earlier suit.").

The cases cited by SCA do not compel a different result. *See, e.g.*, *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 775 (Fed. Cir. 1995) (summary judgment of laches was reversed because plaintiff submitted evidence to establish the defendant would not have done anything differently had suit been filed earlier); *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1293-94 (Fed. Cir. 1992) (same); *Meyers*, 974 F.2d at 1308. Had SCA offered more than "pure speculation" "[t]o suggest . . . that First Quality would have continued its allegedly infringing activities regardless of when or whether SCA filed suit," (Opinion at 14), the outcome may have been different.

Neither panel rehearing nor rehearing en banc should be used here to remedy SCA's evidentiary failure.

14

## V.    CONCLUSION

For these reasons, First Quality respectfully requests that this Court deny

SCA's petition for panel rehearing and rehearing en banc.


Dated: November 4, 2014                 Respectfully submitted,
                                        AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                        By: */s/ Kenneth P. George*

                                        Kenneth P. George
                                        Charles R. Macedo
                                        Mark Berkowitz
                                        AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                        90 Park Avenue
                                        New York, NY 10016
                                        Tel: (212) 336-8000
                                        Fax: (212) 336-8001

                                        kgeorge@arelaw.com
                                        cmacedo@arelaw.com
                                        mberkowitz@arelaw.com

                                        *Attorneys for Defendants-Appellees*
                                        *First Quality Baby Products, LLC,*
                                        *First Quality Hygienic, Inc.,*
                                        *First Quality Products, Inc., and*
                                        *First Quality Retail Services, LLC*

# United States Court of Appeals
## for the Federal Circuit

*SCA Hygiene Products v. First Quality Baby Products*, No. 2013-1564

### CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by AMSTER, ROTHSTEIN & EBENSTEIN LLP, Attorneys for Appellees, to print this document.  I am an employee of Counsel Press.

On **November 4, 2014**, Counsel for Appellees has authorized me to electronically file the foregoing **Response of Defendants-Appellees to Combined Petition for Rehearing and Rehearing *En Banc*** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

Martin J. Black
Kevin M. Flannery
Teri-Lynn A. Evans
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000

Any counsel for Amici Curie appearing at the time of filing and registered as CM/ECF users will be served only by CM/ECF notice.

In addition, 16 copies will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

November 4, 2014                                  /s/ Robyn Cocho
                                                 Counsel Press