NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCA HYGIENE PRODUCTS AKTIEBOLAG AND SCA PERSONAL CARE, INC.,**
*Plaintiffs-Appellants,*

v.

**FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY HYGIENIC, INC., FIRST QUALITY PRODUCTS, INC. AND FIRST QUALITY RETAIL SERVICES, LLC,**
*Defendants-Appellees.*

---

2013-1564

---

Appeal from the United States District Court for the Western District of Kentucky in No. 10-CV-0122, Chief Judge Joseph H. McKinley, Jr.

---

**ON PETITION FOR REHEARING EN BANC**

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

A petition for rehearing en banc was filed by Plaintiffs-Appellants SCA Hygiene Products Aktiebolag and SCA Personal Care, Inc. ("SCA"), and a response thereto was invited by the court and filed by Defendants-Appellees First Quality Baby Products, LLC, et al. ("First Quality").

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, response, and briefs of amici curiae were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested and taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing en banc of Plaintiffs-Appellants SCA is granted.

(2) The court's opinion of September 17, 2014, is vacated, and the appeal is reinstated.

(3) The parties are requested to file new briefs. The briefs should address the following issues:

(a) In light of the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer*, 134 S. Ct. 1962 (2014) (and considering any relevant differences between copyright and patent law), should this court's en banc decision in *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992), be overruled so that the defense of laches is not applicable to bar a claim for damages based on patent infringement occurring within the six-year damages limitations period established by 35 U.S.C. § 286?

(b) In light of the fact that there is no statute of limitations for claims of patent infringement and in view

of Supreme Court precedent, should the defense of laches be available under some circumstances to bar an entire infringement suit for either damages or injunctive relief? *See, e.g., Lane & Bodley Co. v. Locke*, 150 U.S. 193 (1893).

(4) This appeal will be heard en banc on the basis of the additional briefing ordered herein, and oral argument. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. SCA's en banc brief is due 45 days from the date of this order. First Quality's en banc response brief is due within 30 days of service of SCA's new en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(5) Briefing should be limited to the issues set forth above.

(6) The court invites the views of amici curiae. Any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

December 30, 2014     /s/ Daniel E. O'Toole
      Date                    Daniel E. O'Toole
                               Clerk of Court