**Case no. 2013-1564**

IN THE
# United States Court of Appeals for the Federal Circuit

SCA HYGIENE PRODUCTS AKTIEBOLAG
AND SCA PERSONAL CARE, INC.,

*Plaintiffs-Appellants,*

—v.—

FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY HYGIENIC, INC., FIRST QUALITY PRODUCTS, INC.,
AND FIRST QUALITY RETAIL SERVICES, LLC,

*Defendants-Appellees.*

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY IN CASE NO. 10-CV-0122,
CHIEF JUDGE JOSEPH H. MCKINLEY, JR.

**CORRECTED BRIEF OF *AMICUS CURIAE* MORRIS REESE
IN SUPPORT OF PLAINTIFFS-APPELLANTS**

ANDREW J. DHUEY
456 BOYNTON AVENUE
BERKELEY, CALIFORNIA  94707
(510) 528-8200

*Attorney for Amicus Curiae,
Morris Reese*

6 MARCH 2015

## CERTIFICATE OF INTEREST

Counsel for *Amicus Curiae* Morris Reese certifies the following:

1. The full name of every party or amicus represented by me is: Morris Reese.

2. The name of the real party in interest I represent is: Morris Reese.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Corby R. Vowell of Friedman, Suder & Cooke

Shirley A. Henderson

Andrew J. Dhuey

Dated: 6 March 2015  /s/ Andrew J. Dhuey
Counsel for *Amicus Curiae* Morris Reese

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................... 1

TABLE OF CONTENTS .............................................................................. 2

TABLE OF AUTHORITIES ......................................................................... 3

STATEMENT PURSUANT TO FED. R. APP. P. 29(c)(5) ........................... 4

STATEMENT OF INTEREST OF *AMICUS CURIAE* ................................. 5

ARGUMENT ................................................................................................ 6

CERTIFICATE OF SERVICE ...................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                                                           Page

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) ......................................... 5-7

*Hall v. Aqua Queen Manufacturing, Inc.*,
    93 F.3d 1548 (Fed. Cir. 1996) ............................................................. 6

*Leggett v. Standard Oil Co.*, 149 U.S. 287 (1893) ........................................ 6

*Whitehall Corp. v. W. Geophysical Co. of America*,
    664 F.Supp. 1056 (S.D. Tex. 1986) ...................................................... 6

**CODE SECTIONS**

28 U.S.C. § 1498(a) .............................................................................. 7

35 U.S.C. § 5(b)(2) ............................................................................... 7

35 U.S.C. § 41(h)(3) .............................................................................. 7

35 U.S.C. § 286 ..................................................................................... 5

35 U.S.C. § 297 ..................................................................................... 7

**RULES**

Fed. R. App. P. 29(c)(5) ........................................................................ 4

## STATEMENT PURSUANT TO FED. R. APP. P. 29(c)(5)

I, as a member of this Court's bar, certify the following:

1. I am the sole author of this brief.

2. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief.

3. No person, other than me, contributed money that was intended to fund preparing or submitting the brief.

>Dated: 6 March 2015
>
>/s/ Andrew J. Dhuey
>456 Boynton Avenue
>Berkeley, California 94707

## STATEMENT OF INTEREST OF *AMICUS CURIAE*

Morris Reese is the Plaintiff-Appellant in a case pending before this Court: *Reese v. T-Mobile USA, Inc. et al.*, no. 15-1030. He thanks the Court for its invitation to file this *amicus* brief. *Id.*, docket item no. 54.

Mr. Reese is an independent inventor who supports entirely the *en banc* merits brief of Plaintiffs-Appellants in this case, SCA Hygiene Products Aktiebolag and SCA Personal Care, Inc. He submits this brief to add a few additional points to SCA's compelling argument that the Court should overrule its decision in *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (*en banc*).

With respect, Mr. Reese submits that this Court's holding in *Aukerman* that the defense of laches can bar a claim for damages based on patent infringement occurring within the six-year damages limitations period established by 35 U.S.C. § 286 is inconsistent with the many expressions of Congressional intent to support independent inventors in their acquisition and enforcement of patent rights. The defense of laches presents far greater hardships for independent inventors than it does for corporate patentees. It is highly doubtful that Congress meant to allow accused infringers to wield laches as a defense to an independent inventor's claim for damages within six years of filing suit for infringement.

# ARGUMENT

The defense of laches hits individuals harder than any other class of plaintiffs. Commercial enterprises never endure health problems, and they are far less likely than individuals to have insufficient financial means to retail counsel. People often face such difficulties, and when they do, they discover that courts generally do not consider illness, poverty or an inability to retail counsel as valid reasons for delaying the filing of litigation. *See, e.g., Leggett v. Standard Oil Co.*, 149 U.S. 287, 294 (1893) (individual patentee's "poverty or pecuniary embarrassment was not a sufficient excuse for postponing the assertion of his rights."); *Hall v. Aqua Queen Manufacturing, Inc.*, 93 F.3d 1548, 1554 (Fed. Cir. 1996) ("A patentee's inability to find willing counsel . . . is widely rejected as a legally cognizable reason to excuse an unreasonable delay in filing suit."); *Whitehall Corp. v. W. Geophysical Co. of America*, 664 F.Supp. 1056, 1073 (S.D. Tex. 1986) ("Illness is not generally recognized as an adequate excuse for a plaintiff's delay in bringing suit.").

The particular burdens laches imposes on independent inventors make the soundness of the Court's holding in *Aukerman* all the more dubious. Why would Congress have intended to give accused infringers the opportunity to use laches to escape damages liability for patent infringement when the patentee is an independent inventor? That would run counter to the many expressions of

Congressional intent to support independent inventors at every stage of their acquisition and enforcement of patent rights.

Congress has entitled independent inventors to receive up to a 75% fee reduction on patent application fees. 35 U.S.C. § 41(h)(3). The U.S. Patent and Trademark Office's Patent Public Advisory Committee must "include at least one independent inventor." 35 U.S.C. § 5(b)(2). Independent inventors are entitled to recover attorney and expert witness fees when they prevail in infringement claims against the United States, unless the U.S. Court of Federal Claims finds that the government's position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 1498(a). Congress has enacted comprehensive protections for independent inventors against fraud by deceptive invention promoters. 35 U.S.C. § 297.

For the many reasons SCA has set forth in its *en banc* merits brief, *Auckerman*'s laches holding is erroneous. That holding is all the more questionable considering the particular burdens laches impose on independent inventors – a class of inventors Congress has repeatedly helped obtain and enforce patents.

                                        Respectfully submitted,

Dated: 6 March 2015                /s/ Andrew J. Dhuey
                                            Andrew J. Dhuey
                                            456 Boynton Avenue
                                            Berkeley, California 94707
                                            (510) 528-8200

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on the 6th day of March 2015 by electronic means (CM/ECF).

By: /s/ Andrew J. Dhuey

Attorney for *Amicus Curiae*,
Morris Reese

Andrew J. Dhuey
456 Boynton Avenue
Berkeley, CA 94707
(510) 528-8200
ajdhuey@comcast.net