*In The*
# United States Court of Appeals
### For The Federal Circuit

**SCA HYGIENE PRODUCTS AKTIEBOLAG and SCA PERSONAL CARE, INC.,**

*Plaintiffs – Appellants*,

v.

**FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY HYGIENIC, INC., FIRST QUALITY PRODUCTS, INC., and FIRST QUALITY RETAIL SERVICES, LLC,**

*Defendants – Appellees*.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY IN CASE NO. 10-CV-0122, JUDGE JOSEPH H. MCKINLEY, JR.**

---

**BRIEF OF *AMICUS CURIAE* CONEJO VALLEY BAR ASSOCIATION**

---

Steven C. Sereboff
M. Kala Sarvaiya
Mark Andrew Goldstein
SoCal IP Law Group LLP
310 North Westlake Boulevard, Suite 120
Westlake Village, California 91362
(805) 230-1350 (Telephone)
(805) 230-1355 (Facsimile)
info@socalip.com

*Counsel for Amicus Curiae Conejo Valley Bar Association*

**THE LEX GROUP**<sup>DC</sup> ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# CERTIFICATE OF INTEREST

Counsel for *amicus* Conejo Valley Bar Association certifies:

1.  The full name of every party or *amicus* represented by me is: Conejo Valley Bar Association.

2.  The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is: not applicable.

3.  All parent corporations and any publicly held corporations that own 10 percent or more of the stock of the party or *amicus curiae* represented by me are: not applicable.

4.  The names of all law firms and the partners or associates that appeared for the party or *amicus* now represented by me in the trial court or agency or are expected to appear in this Court are: Steven C. Sereboff, M. Kala Sarvaiya, and Mark Andrew Goldstein of SoCal IP Law Group LLP.

March 6, 2015                                     /s/ Steven C. Sereboff
                                                  Steven C. Sereboff, Esq.

i

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST ................................................................... i

TABLE OF CONTENTS ............................................................................. ii

TABLE OF AUTHORITIES ...................................................................... iii

ABOUT *AMICUS CURIAE* CONEJO VALLEY BAR ASSOCIATION ..... 1

INTRODUCTION ........................................................................................ 1

ARGUMENT ................................................................................................ 2

    *Aukerman* Remains Good Law .............................................................. 2

    Laches Can Bar an Entire Suit ............................................................... 4

CONCLUSION ............................................................................................. 6

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Petrella v. Metro-Goldwyn-Mayer*,
    134 S. Ct. 1962 (2014) ............................................................ 2, 3, 5, 6

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*,
    754 F.2d 345 (Fed. Cir. 1985) ................................................................ 4

**STATUTE**

35 U.S.C. § 282 ................................................................................. 5

35 U.S.C. § 282(b)(1) ........................................................................ 2

35 U.S.C. § 286 ......................................................................... 2, 4, 5, 6

## ABOUT *AMICUS CURIAE* CONEJO VALLEY BAR ASSOCIATION

Based in the heart of Southern California's 101 Technology Corridor, the Conejo Valley Bar Association draws its membership primarily from local law firms and in-house attorneys serving small, mid-market and large companies. Our members' clients include high technology, high growth companies in fields such as software, biotech, telecommunications and semiconductors. Our members' clients include technology innovators who vend in some of the world's most competitive markets.

The signatories of the brief authored the brief in whole. None of the Conejo Valley Bar Association's members, or any other persons, contributed money that was intended to fund preparing or submitting the brief.

## INTRODUCTION

*Amicus curiae* writes *in pro bono publico*, rather than in support of either party. We are uninterested in the outcome of the case, though decidedly concerned about the issues. We wish to see the American public benefit from innovation, from technical disclosure, and from competition in product and service markets. In short, we support the purpose of the patent system. The Conejo Valley Bar Association believes that the patent laws and Federal Rules of Civil Procedure should be interpreted in ways that best serve these important public policies.

1

# ARGUMENT

In patent infringement lawsuits, the defense of laches arises when a patentee unreasonably or inexcusably delays filing a lawsuit and the delay materially prejudiced the alleged infringer. A delay of more than six years creates a rebuttable presumption that the delay was unreasonable and materially prejudicial. Damages, on the other hand, are limited to any infringement that occurred not more than six years before the filing of a complaint. Therefore, laches serves as a defense to a claim of infringement, not to the damages at stake. There is no historical or legal policy commonality between these two distinct six year rules.

### *Aukerman* Remains Good Law

In response to the Court's first *en banc* question, *amicus* believes that *Aukerman* remains good law in light of *Petrella*. As recognized in *Petrella* and *Aukerman*, equitable defenses such as laches, estoppel and unclean hands are subsumed within the general defense of unenforceability under 35 U.S.C. § 282(b)(1). If a claim for patent infringement survives laches and all other available defenses, the time limits on damages are capped only by a patent's expiration and the six year statute of limitations under § 286. Thus, laches is a defense to a claim of patent infringement; it is not considered in measuring damages.

2

The Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer*, 134 S. Ct. 1962 (2014). has no impact on laches in patent cases. In *Petrella*, the issue was whether the Copyright Act's three year statute of limitations on making claims barred a separate, equitable defense of laches. The issue presented here, whether laches limits damages in patent cases, is inapt. The issue is not whether *damages* are barred, it is whether *claims* are barred. *Petrella*, at 19-21, recognizes the public policy and practical differences between bars to claims versus limits on certain kinds of relief.

In *Aukerman*, this Court addressed both laches and estoppel. Laches, the Court held, bars a claim for infringement which arose prior to filing suit, whereas estoppel bars a claim entirely. Although the Court in *Aukerman* said that laches bars a claim for pre-suit *damages*, this usually provides the same result as barring a claim for pre-suit *infringement*. In its analysis of laches, the *Aukerman* court looked at whether a claim for infringement was barred, not whether damages were barred. This is why *Aukerman* held that laches, which bars claims for infringement, acts as a bar against all remedies, not merely damages.

The confusion arises because the remedy for past infringement is *usually* damages alone, and the Court here seems to have extrapolated the usual into the always. Perhaps this is why the Supreme Court in *Petrella*

merely hinted in footnote 15 that reconsideration of *Aukerman* might make sense. When the issue is fully considered, and recognizing that laches bars both damages and equitable remedies, it can be seen that the issue of laches is separate from the limitation on damages under § 286.

Laches Can Bar an Entire Suit

In response to the Court's second *en banc* question, *amicus* believes that laches should be available to bar an entire infringement suit for either damages or injunctive relief.

*Aukerman* explained it well:

> Second, with respect to section 286 specifically, a six year limitation on damages, virtually identical to section 286, has been in the patent statute since 1897. As explained in *Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*, 754 F.2d 345, 347-48 (Fed. Cir. 1985), section 286 is not a statute of limitations in the sense of barring a suit for infringement.8 Assuming a finding of liability, the effect of section 286 is to limit recovery to damages for infringing acts committed within six years of the date of the filing of the infringement action. One counts backwards from the date of the complaint to limit prefiling damages arbitrarily. However, as stated in Standard Oil, with respect to the recovery of six years of damages: This assumes, of course, no other impediment to recovery or maintenance of the suit such as application of the doctrine of laches.

In her *Aukerman* concurrence, Judge Plager put it succinctly: "Estoppel and laches in patent law are returned to conformity with their traditional common law role and concept."

4

The *Aukerman* presumption, though, should be eliminated. *Aukerman* held that a delay of six years creates a presumption of laches, which then places the burden of proof on the plaintiff. A delay of less than six years puts the burden on the defendant. Judge Plager, in her concurrence, objected to this presumption. We agree with Judge Plager.

The Copyright Act has a strict three year statute of limitations. In *Petrella* the Supreme Court held that laches was not a defense to suits brought within three years of the infringement. The Supreme Court reasoned that Congress took account of laches-type delays when it set the three year statute of limitations.

The Patent Act's six year limit on damages is not about laches for the reasons explained above. That is, Congress provided a laches defense in § 282. The public policy behind the time limit in § 286 is similar but not the same as a fixed statute of limitations on claims provided in the Copyright Act or the case-by-case approach of § 282. According to *Petrella*, "Laches, in contrast, originally served as a guide when no statute of limitations controlled the claim; it can scarcely be described as a rule for interpreting a statutory prescription." Thus, *Petrella* teaches us that laches is distinct from § 286.

## CONCLUSION

For the reasons set forth above, [1] *Aukerman* remains good law in light of *Petrella* such that laches bars both damages and equitable remedies, while laches is separate from the limitation on damages under § 286; and [2] laches should be available to bar an entire infringement suit for either damages or injunctive relief.

March 6, 2015

/s/ Steven C. Sereboff
Steven C. Sereboff, Esq.
M. Kala Sarvaiya
Mark Andrew Goldstein
SoCal IP Law Group LLP
310 N. Westlake Blvd., Ste. 120
Westlake Village, CA 91362
www.socalip.com
(805) 230-1350
fax (805) 230-1355
info@socalip.com

For *Amicus Curiae*
Conejo Valley Bar Association

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of March, 2015, I caused this Brief of *Amicus Curiae* Conejo Valley Bar Association to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of *Amicus Curiae* Conejo Valley Bar Association will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Steven C. Sereboff
*Counsel for Amicus Curiae*
*Conejo Valley Bar Association*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,207*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: March 6, 2015                /s/ Steven C. Sereboff
                                    *Counsel for Amicus Curiae*
                                    *Conejo Valley Bar Association*