2013-1564

# United States Court of Appeals
# for the Federal Circuit

SCA HYGIENE PRODUCTS AKTIEBOLOG AND

SCA PERSONAL CARE INC.,

*Plaintiffs-Appellants,*

—v.—

FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY HYGIENIC, INC.,

FIRST QUALITY PRODUCTS, INC. AND FIRST QUALITY RETAIL SERVICES, LLC,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY IN NO. 10-CV-0122,
CHIEF JUDGE JOSEPH H. MCKINLEY, JR.

**CORRECTED BRIEF OF *AMICUS CURIAE*
AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION
IN SUPPORT OF NEITHER PARTY**

DENISE W. DEFRANCO
*President-Elect*
AMERICAN INTELLECTUAL PROPERTY
  LAW ASSOCIATION
241 18th Street, South, Suite 700
Arlington, Virginia 22202
(703) 415-0780

March 10, 2015

NANCY J. MERTZEL
*Counsel of Record*
SCHOEMAN UPDIKE KAUFMAN & STERN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
nmertzel@schoeman.com

## <u>CERTIFICATE OF INTEREST</u>

In accordance with FED. CIR. R. 47.4 and FED. R. APP. P. 26.1, counsel for

the Amicus Curiae the American Intellectual Property Law Association certifies the

following:

1.    The full name of every party represented by me is: **American Intellectual**

**Property Law Association.**

2.    The name of the real party in interest represented by me is: **N/A.**

3.    All parent corporations and any publicly held companies that own 10 percent

or more of the stock of the parties represented by me are: **None.**

4.    The names of all law firms and the partners or associates that appeared for the

party now represented by me and that are expected to appear in this court are:

**Nancy J. Mertzel**
**Schoeman Updike Kaufman & Stern LLP**

**Denise W. DeFranco**
**Finnegan, Henderson, Farabow, Garrett & Dunner, LLP**

/s/ Nancy J. Mertzel
SCHOEMAN UPDIKE KAUFMAN & STERN LLP
551 Fifth Avenue
New York, New York 10176
*Principal Attorney for Amicus Curiae*
*American Intellectual Property Law*
*Association*

Date:  March 10, 2015

i

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF CONTENTS ....................................................................... ii

STATEMENT OF INTEREST OF AMICUS CURIAE ........................................ 1

SUMMARY OF ARGUMENT ................................................................ 2

ARGUMENT ................................................................................. 3

I.   THIS COURT SHOULD OVERRULE THE *AUKERMAN* HOLDING
     THAT LACHES CAN BAR A DAMAGES CLAIM FOR PATENT
     INFRINGEMENT THAT OCCURS WITHIN THE SIX-YEAR
     PERIOD SET FORTH IN 35 U.S.C. § 286 ........................................ 3

     A.   The Supreme Court's holding in *Petrella* requires that
          *Aukerman* be overruled ............................................... 3

     B.   Differences between patent and copyright law do not support
          a different application of laches during the look-back period .......... 4

          1.   Duration of protection ............................................ 4

          2.   Nature of the right ............................................... 6

          3.   Costs of enforcement litigation ................................... 6

II.  THE LACHES DEFENSE IS NOT AVAILABLE AT THE
     THRESHOLD OF LITIGATION TO BAR A PATENT
     INFRINGEMENT SUIT SEEKING RECOVERY FOR ACTS
     COMMITTED DURING THE LOOK-BACK PERIOD ............................... 7

CONCLUSION ................................................................................ 12

CERTIFICATE OF COMPLIANCE ......................................................... 13

PROOF OF SERVICE ........................................................................ 14

# TABLE OF AUTHORITIES

## Cases

*A.C. Aukerman Co. v R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992). ........................................................ 2, 3

*Atari Games Corp. v. Nintendo of America, Inc.*,
    975 F.2d 832 (Fed. Cir. 1992) ...................................................................6

*Chirco v. Crosswinds Communities, Inc.,* 474 F.3d. 227 (6th Cir. 2007) ................11

*Hapgood v. Hewitt*, 119 U.S. 226 (1886) ...................................................10

*Lane & Bodley v. Locke*, 150 U.S. 193 (1893) ............................................... 9, 10, 11

*Locke v. Lane & Bodley Co.,* 35 F. 289 (1888). .........................................10

*Mazer v. Stein*,  347 U.S. 201 (1954)...........................................................6

*Oracle America v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014)..............................6

*Petrella v. Metro-Goldwyn-Mayer*, 1354 S. Ct. 1962 (2014)........................... *passim*

*Stewart v. Abend*, 495 U.S. 207 (1990) .......................................................5

## Federal Statutes

17 U.S.C. § 302(a) ..................................................................................5

17 U.S.C. § 302(c) ..................................................................................5

17 U.S.C. § 517(b) ..................................................................................8

35 U.S.C. § 154......................................................................................5

35 U.S.C. § 286......................................................................................... 2, 3, 7, 8

## Other Authorities

AIPLA, *Report of the Economic Survey* (2013) ..............................................7

## STATEMENT OF INTEREST OF AMICUS CURIAE

The American Intellectual Property Law Association ("AIPLA") is a national bar association of approximately 15,000 members engaged in private and corporate practice, in government service, and in the academic community.  AIPLA's members represent a wide and diverse spectrum of individuals, companies, and institutions involved directly or indirectly in the practice of patent, trademark, copyright, and unfair competition law, as well as other fields of law affecting intellectual property. Our members represent both owners and users of intellectual property.  AIPLA's mission includes providing courts with objective analysis to promote an intellectual property system that stimulates and rewards invention while balancing the public's interest in healthy competition, reasonable costs, and basic fairness.

AIPLA has no stake in any of the parties to this litigation or in the result of this case.[1]  AIPLA's only interest is in seeking correct and consistent interpretation of the law as it relates to intellectual property issues.[2]

---

[1] After reasonable investigation, AIPLA believes that (a) no member of its Board or Amicus Committee who voted to prepare this brief, or any attorney in  the law firm or corporation of such a member, represents a party to this litigation in this matter, (b) no representative of any party to this litigation participated in the authorship of this brief, and (c) no one other than AIPLA, its members who authored this brief, and their law firms or employees, made a monetary contribution to the preparation or submission of this brief.

## SUMMARY OF ARGUMENT

In *Petrella v. Metro-Goldwyn-Mayer*, 1354 S. Ct. 1962 (2014), the Supreme Court held that a copyright plaintiff has a "right to sue" for infringement during the statutorily provided period for commencing civil actions under section 507(b) of the Copyright Act. *Petrella* at 1977. As such, laches cannot apply to bar legal relief during this look-back period. Under the reasoning of *Petrella*, this Court's en banc decision in *A.C. Aukerman Co. v R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) should be overruled to the extent that it held laches can bar a claim for damages based on patent infringement occurring within the six-year limitations period established by 35 U.S.C. § 286.

The *Aukerman* holding directly conflicts with the Supreme Court's decision in *Petrella*. Although the Copyright Act contains a statute of limitations while the limitations period in the Patent Act only precludes recovery, this difference does not justify applying laches differently at the outset of litigation. Both statutes provide a plaintiff with a fixed period of time within which to seek monetary damages. Under the Supreme Court's holding in *Petrella*, laches cannot be used to curtail a legal right created by Congress. However, *Petrella* leaves open the possibility that the

---

[2] This brief is filed in response to the invitation of the Court set forth in its en banc Order dated December 30, 2014.

laches defense may, at the outset of litigation, bar a patent infringement suit seeking

equitable relief.

## ARGUMENT

I.   **THIS COURT SHOULD OVERRULE THE *AUKERMAN* HOLDING THAT LACHES CAN BAR A DAMAGES CLAIM FOR PATENT INFRINGEMENT THAT OCCURS WITHIN THE SIX-YEAR PERIOD SET FORTH IN 35 U.S.C. § 286**

   A.   **The Supreme Court's holding in *Petrella* requires that *Aukerman* be overruled**

The *Aukerman* decision directly conflicts with the *Petrella* decision.  The

passages below demonstrate the direct conflict:

| *Petrella* | *Aukerman* |
|---|---|
| "Congress' time provisions secured to authors … a right to sue for infringement occurring no more than three years back from the time of suit."[3]<br><br>"Laches … cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window."[4] | "We are unpersuaded that section 286 should be interpreted to preclude the defense of laches and provide, in effect, a guarantee of six years damages regardless of equitable considerations arising from delay in assertion of one's rights."[5] |

---

[3] *Petrella*, 134 U.S. at 1977.

[4] *Petrella*, 134 U.S. at 1967.

[5] *Aukerman*, 960 F.2d at 1030.

3

The *Petrella* decision was issued in the context of a copyright infringement case. Nevertheless, the Supreme Court's reasoning applies equally in the context of patent infringement. As shown below, differences between patent and copyright law do not provide a rationale for failing to apply the *Petrella* court's laches holdings in the context of patent law.

**B.      Differences between patent and copyright law do not support a different application of laches during the look-back period**

There are numerous differences between patent and copyright law, including the duration of protection, the nature of the rights, and the costs of litigation. However, these differences do not justify the application of laches to bar damages for patent infringement that occurs during the six-year look-back period.

**1.      Duration of protection**

Copyright law provides for longer term of protection than that provided by patent law. This difference, however, is no basis for treating these areas of the law differently with respect to the application of laches during the relevant look-back period. Each statute has a look-back period within which a claim must be filed and that "itself takes account of delay." *Petrella* at 1973.

Copyright protection lasts for many years. For works created on or after January 1, 1978, copyright protection lasts for the life of the author plus 70 years after the author's death. 17 U.S.C. § 302(a). For works made for hire, anonymous

and pseudonymous works, the copyright protection lasts 95 years from first publication, or 120 years from creation, whichever is shorter.  17 U.S.C. § 302(c). In contrast, patent protection generally lasts for 20 years from the filing of the relevant application.  35 U.S.C. § 154.

The longer duration of the rights created by the Copyright Act necessarily means that there is a greater potential for "evidentiary prejudice" in copyright cases. Nevertheless, in discussing copyright cases for reversionary rights brought by an author's heirs, where the author and other witnesses to creation of the work may be dead, the Supreme Court held:

> Congress must have been aware that the passage of time and the author's death could cause a loss or dilution of evidence.  Congress chose, nonetheless, to give the author's family "a second chance to obtain fair remuneration."

*Petrella*, 134 S.Ct. at 1976 (quoting *Stewart v. Abend*, 495 U.S. 207 (1990) regarding evidentiary issues associated with copyright renewal).

If evidentiary harm was not a sufficient reason to apply laches during the look-back period under copyright law, where protection lasts for the life of an author plus 70 years, it is also not sufficient to justify application of laches during the look-back period under patent law, where protection lasts just 20 years.

## 2.    Nature of the right

Although the nature of the exclusive rights protected under patent law are different than rights protected under copyright law,[6] these distinctions in and of themselves do not provide any reason to apply laches differently.  The Supreme Court's analysis in *Petrella* did not turn on the nature of the rights asserted by the rights holder; rather it turned on notions of separation of powers.  As the Supreme Court explained, "laches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation."  134 S.Ct. at 1973.  As an "essentially gap-filling" doctrine, laches cannot curtail a legal remedy created by Congress.  *Id.*

## 3.    Costs of enforcement litigation

The fact that patent litigation is generally more expensive than copyright litigation is well-established.  According to an economic survey conducted bi-annually by AIPLA, the median total cost of a patent infringement action is $700

---

[6] It is axiomatic that while a patent can protect an invention in a variety of embodiments, copyright only protects expression.  "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea – not the idea itself."  *Mazer v. Stein*,  347 U.S. 201 (1954) *quoted in Oracle America v. Google Inc.*, 750 F.3d 1339, 1354 (Fed. Cir. 2014); *Atari Games Corp. v. Nintendo of America, Inc.*, 975 F.2d 832, 839 (Fed. Cir. 1992) ("Title 35 protects the process or method performed …; title 17 protects the expression of that process or method.").

thousand where less than $1 million is at issue, while the median total cost of a copyright infringement action where less than 1$ million is at issue is $300 thousand.[7]

However, this distinction is irrelevant under the reasoning of *Petrella*. The Supreme Court expressly considered "the cost of [copyright] litigation" in its analysis and rejected MGM's argument that copyright owners must "sue soon, or forever hold your peace." *Petrella*, 134 S.Ct. at 1976.

> It is hardly incumbent on copyright owners, however, to challenge each and every actionable infringement. And there is nothing untoward about waiting to see whether an infringer's exploitation undercuts the value of the copyrighted work, has no effect on the original work, or even complements it. Fan sites prompted by a book or film, for example, may benefit the copyright owner. See Wu, Tolerated Use, 31 Colum. J.L. & Arts 617, 619–620 (2008). Even if an infringement is harmful, the harm may be too small to justify the cost of litigation.

*Id.* This logic is equally applicable to patent owners, who also have to evaluate many variables before bringing an infringement action, including the impacts of infringement on the patented technology's value in the marketplace.

## II. THE LACHES DEFENSE IS NOT AVAILABLE AT THE THRESHOLD OF LITIGATION TO BAR A PATENT INFRINGEMENT SUIT SEEKING RECOVERY FOR ACTS COMMITTED DURING THE LOOK-BACK PERIOD

The second question presented asks whether under section 286 and Supreme Court precedent "the defense of laches should be available under some

---

[7] AIPLA, *Report of the Economic Survey* (2013), pp. 34 and 36.

circumstances to bar an entire infringement suit for either damages or injunctive relief." The question implicates application of laches to bar a suit at the outset or threshold of litigation, such as by summary disposition.

AIPLA submits that, under *Petrella*, laches cannot bar a patent infringement suit for damages at the outset of litigation. *Petrella* does, however, permit the possibility that laches can bar a patent infringement suit seeking equitable relief at the outset of litigation, at least in extraordinary circumstances.[8]

### A.     Section 286 of the Patent Act does not permit laches to bar a suit for damages during the look-back period

The *Petrella* decision held that laches cannot bar damages for infringement during the three-year look-back period authorized by section 507(b) of the Copyright Act. *Petrella*, 134 S.Ct. at 1967 ("Laches, we hold, cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window."). *Aukerman* involved section 286 of the Patent Act. The language and import of section 286 of the Patent Act and section 507(b) of the Copyright Act are not identical: the Copyright Act bars a civil action for infringement outside the look-

---

[8]  *Petrella* further holds that delay may be taken into consideration at the remedial phase. *Petrella*, 134 S.Ct. at 1967.

back period,[9] while the Patent Act only bars "recovery" for infringement prior to the look-back period.[10]

However, these differences have no bearing on the reasoning of the *Petrella* decision, which turned on the historical role of laches as a defense developed by courts of equity in the absence of a limitations period. Noting the traditional rule that laches does not apply at law, the Court concluded that "in the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief."[11] Because section 507(b) and section 286 both bar damages prior to the look-back period, the fact that section 286 is not a complete statute of limitations provides no basis for distinguishing the rule for laches in a copyright case from the rule for laches in a patent case. At the threshold of litigation, laches may not bar an infringement claim for damages within the statutorily-provided time period.

### B.    Supreme Court precedent does not permit laches to bar a suit for damages during the look-back period

The second question presented further asks whether in view of Supreme Court precedent, such as *Lane & Bodley v. Locke*, 150 U.S. 193 (1893), laches should be

---

[9] Section 507(b) of the Copyright Act provides that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

[10] Section 286 states "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286.

[11] *Petrella*, 134 S.Ct. at 1974.

available in some circumstances to bar an entire infringement suit. AIPLA submits that *Lane & Bodley v. Locke* does not provide any precedent for applying laches to bar legal relief, as the case involved only equitable relief. As such, it does not provide a basis for applying laches to bar a damages claim at the outset of litigation.

In *Lane*, inventor Joseph Locke sued the successor corporation to his former employer, Lane & Bodley Company, for patent infringement. *Id.* at 193. The suit was brought in equity. 150 U.S. at 194 (stating that Locke "filed a bill" that "contained the usual allegations, and prayed for an injunction and other relief"). In response, Lane & Bodley asserted, among other things, that Locke's suit "must fail, and the complainant be remitted to whatever rights he may have at law, by reason of his laches in pursuing his equitable remedy . . . ." *Locke v. Lane & Bodley Co.,* 35 F. 289, 294 (Cir. Ct., S.D. Ohio 1888). After presentation of evidence, the Circuit Court for the Southern District of Ohio found the patent valid and infringed. *Id.* at 292-93. The Circuit Court, however, did not address Lane & Bodley's equitable defenses, including laches, concluding instead that the asserted defenses did not pass from Locke's former employer into the hands of the successor corporate defendant. 35 F. at 294. The Circuit Court entered a "decree . . . for an injunction and account." *Id.*

On appeal, the Supreme Court concluded that Locke's former employer's defenses did pass to the successor corporation Lane & Bodley. 150 U.S. at 197.

Accordingly, the Court considered the merits of Lane & Bodley's laches defense. The Court concluded that Locke had inappropriately slept on his rights. ("Courts of equity … will not assist one who has slept upon his rights, and shows no excuse for his laches in asserting them."). The Court reversed "with directions to dismiss the bill of complaint." *Id.* at 201. Thus, the Court allowed laches to be applied to bar the equitable relief Locke sought.

### C. Under *Petrella,* laches may bar a suit for patent infringement seeking equitable relief

In *Petrella*, the Supreme Court held that under the Copyright Act, laches could bar equitable relief at the threshold only "in extraordinary circumstances." The Court gave as an example *Chirco v. Crosswinds Communities, Inc.,* 474 F.3d. 227 (6th Cir. 2007) in which the plaintiff had knowledge that an allegedly infringing housing development was being constructed, but took no steps to halt the development until after more than 168 united were built, 109 of which were occupied. *Petrella* at 1978. The Court stated as follows:

> In extraordinary circumstances, however, the consequences of a delay in commencing suit may be of sufficient magnitude to warrant, at the very outset of the litigation, curtailment of the relief equitably awardable. *Id.*

Accordingly, *Petrella* leaves open the possibility that, at the outset of litigation, laches may bar a claim for patent infringement seeking equitable relief, at least in extraordinary circumstances.

11

## CONCLUSION

For the foregoing reasons, AIPLA respectfully submits that the *Aukerman* decision should be overruled.

Date: March 10, 2015                    Respectfully submitted,


DENISE W. DEFRANCO                      /S/ NANCY J. MERTZEL
*President-Elect*                       SCHOEMAN UPDIKE KAUFMAN &
AMERICAN INTELLECTUAL PROPERTY          STERN  LLP
    LAW ASSOCIATION          551 Fifth Avenue
241 18th Street, South, Suite 700   New York, New York 10176
Arlington, Virginia 22202               *Principal Attorney for Amicus*
(703) 415-0780                          *Curiae American Intellectual*
                                        *Property Law Association*

## **CERTIFICATE OF COMPLIANCE**

1. Pursuant to Fed. R. App. P. 29(c)(5), I certify that according to the word-processing system used in preparing it, the foregoing **CORRECTED BRIEF OF AMICUS CURIAE AMERICAN INTELLECTUAL PROPERTY LAW ASSOCI-ATION IN SUPPORT OF NEITHER PARTY** in relevant part is 2,397 words in length, excluding those portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated:  March 10, 2015

/s/ NANCY J. MERTZEL
SCHOEMAN UPDIKE KAUFMAN & STERN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030

*Principal Attorney for Amicus Curiae*
*American Intellectual Property Law*
*Association*

## PROOF OF SERVICE

I, the undersigned, hereby certify that on March 10, 2015, a true and correct copy of the foregoing **CORRECTED BRIEF OF AMICUS CURIAE AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION IN SUPPORT OF THE PETITION FOR PANEL REHEARING AND/OR REHEARING EN BANC** was timely filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel registered to receive electronic notices.

Dated:  March 10, 2015

/S/ NANCY J. MERTZEL
SCHOEMAN UPDIKE KAUFMAN & STERN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030

*Principal Attorney for Amicus Curiae*
*American Intellectual Property Law*
*Association*